## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Ryan Morris,

     Plaintiff,

vs.

Case No.

Hon.

BRIGHTON AREA SCHOOL DISTRICT,
DR. MATTHEW OUTLAW, in his individual
capacity, GAVIN JOHNSON, in his individual
capacity, JODY RENICKER, in her
individual capacity, JENNIFER SPRYS-TELLNER, in her
individual capacity, HENRY VECCHIONI, in her
individual capacity, MRS. LEVINE, in her individual
capacity, and DOES 1-10

     Defendants.

_____

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorney for Dorothy Greene
31211 Jefferson Ave.
St. Clair Shores, MI 48082
P: (248)-341-0794/F: (586) 588-7200
zrunyan@runyanlawgroup.com

_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

---

## COMPLAINT

NOW COMES the above-named Plaintiff, by and through her attorneys, Runyan Law Group, and for her Complaint against the above-named Defendants, states as follows:

## PARTIES

1.    Defendant Brighton Area Schools promised to engage every student in a quality learning experience in an environment of mutual trust and respect. It is



located in southeastern Livingston County, at the crossroads of I-96 and US-23. Brighton Area Schools enrolls around 6,000 students from grades Junior Kindergarten through 12. It operates eight schools, including Brighton High School. The high school is located at 7878 Brighton Road, Brighton MI 48116.

2.    At all relevant times herein, Defendant Dr. Matthew Outlaw was the superintendent of Defendant Brighton Area Schools.

3.    At all relevant times herein, Defendant Gavin Johnson, Jennifer Sprys-Tellner and Henry Veccioni were Principals at Brighton Highschool and employed by Defendant Brighton Area Schools.

4.     At all relevant times herein, Defendant Jody Renicker was a special education teacher employed by Defendant Brighton Area Schools.

5.     At all relevant times herein, Defendant Mrs. Levine (first name currently unknown) was a teacher employed by Defendant Brighton Area Schools.

6.     Doe Defendants are unidentified teachers, counselors, administrators, and/or staff employed by Defendant Brighton Area Schools.

7.     Plaintiff Ryan Morris is a 19-year-old girl. Around age five, doctors diagnosed her with Prader-Willi syndrome, a genetic disorder that affects Ms. Morris' body, growth, and mind. She received special education services since middle school. Ms. Morris graduated from Brighton High School.

## JURISDICTION AND VENUE

8.     Jurisdiction is conferred by 28 USC § 1331.

9.     Venue in this district is proper under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

10.     Plaintiff Ryan Morris is a resident of the City of Brighton, County of Livingston, State of Michigan.

11.     Upon information and belief, Dr. Matthew Outlaw is a resident of the County of Livingston, State of Michigan.

12.     Upon information and belief, Defendant Jody Renicker is a resident of the County of Livingston, State of Michigan.

13.     Upon information and belief, Defendant Gavin Johnson is a resident of the County of Livingston, State of Michigan.

14.     Upon information and belief, Defendant Henry Vecchioni is a resident of the County of Livingston, State of Michigan

15.     Upon information and belief, Defendant Jennifer Sprys-Tellner is a resident of the County of Livingston, State of Michigan

16.     Upon information and belief, Defendant Mrs. Levine (first name currently unknown), is a resident of the County of Livingston, State of Michigan.

17.     Defendant Brighton Area School is a public educational institution, located in the County of Livingston, State of Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

18.     The amount in controversy herein exceeds this Court's jurisdictional limit, exclusive of interest, costs, and attorney fees.

## FACTS

19.     The preceding paragraphs are incorporated by reference.

20.     On or about May 10, 2019, Troy Maynor, Jr., a student at Brighton High School, texted Plaintiff Ryan Morris asking her to stay after school and meet him at "Pooh's corner", which was located in Brighton High School's building.

21.     Normally, Ms. Morris rode the school bus to and from school.

22.     Ms. Morris stayed after school that day and went to "Pooh's corner".

23.     While waiting near the bathroom, a teacher noticed Ms. Morris loitering in the hallway.

24.     The teacher asked Ms. Morris what she was doing.

25.     Ms. Morris explained she was staying after school.

26.     The teacher took no action despite being aware of Plaintiff's disabilities and Plaintiff's common practice of riding the bus to and from school. Instead, the teacher left Ms. Morris alone in the hallway and left the school building.

27.     Soon after that, Maynor arrived at "Pooh's corner".

28.     Maynor tricked Ms. Morris into going into one of Defendant Brighton High School's bathrooms.

29.     The bathroom was nicknamed "Troy's Bathroom" because everyone knew it was Maynor's bathroom to have sex in.

30.     In the bathroom, Maynor had sex with Ms. Morris against her will.

31.     Ms. Morris did not want to have sex with Maynor but felt that she had no choice.

32.     Defendant Brighton Public Schools had a duty to protect its students, which was breached when it failed to protect Ms. Morris from sexual assault, sexual abuse, and harassment from students.

33.     On or about June 7, 2019, Ms. Morris reported the sexual assault to social worker Deb Fairchild.

34.     On or about June 20, 2019, Maxine Pegram, Ryan's mother, reported the sexual assault to Brighton Police.

35.     In or around May 2019, prior to Morris' sexual assault, Brighton school officials caught Maynor having sex with another student, Destiny in the same bathroom.

36.     Brighton High School knew Maynor posed a risk to other children based upon his history of sexual misconduct.

37.     On or about July 3, 2019, Maynor, again, was involved in a sexual assault at the high school.

38.     On or about August 15, 2019, Brighton Area Schools suspended Maynor indefinitely.

39.     On August 13, 2019, the principal recommended Maynor be expelled.

40.     On August 28, 2019, Brighton held an expulsion hearing related to Maynor. The hearing panel consisted of a member of the District's Board of Education and four administrators. The panel determined Maynor violated the Student Handbook and Board policy. They recommended Maynor be reinstated but suspended pending the outcome of the criminal investigation by law enforcement. They also recommended Maynor's Individualized Education Plan ("IEP") team

convene a meeting within eight days to discuss any necessary changes to his IEP programs and placement based on his history of sexual assaulting students.

41.     Upon information and belief, Brighton High School's special education teacher, Jody Renicker, was part of Maynor's IEP team.

42.     Ms. Renicker taught both Maynor and Ms. Morris.

43.     Prior to Ms. Morris reporting the sexual assault, Ms. Renicker promised Ms. Morris that she could take a school picture with the classroom dog.

44.     After Ms. Morris reported the sexual assault, Ms. Renicker changed her mind and did not allow Ms. Morris to have her picture taken with the classroom dog.

45.     Brighton High School issued iPad's to students, per policy.

46.     After Ms. Morris reported the sexual assault, Ms. Renicker gave Ms. Morris a broken iPad. The school never repaired or replaced the broken iPad. Ms. Morris was the only student to receive a broken iPad.

47.     The school displayed a deliberate indifference toward Ms. Morris by hanging a large basketball picture of Maynor in Ms. Morris' classroom.

48.     Ms. Pegram confronted the school and demanded the picture be removed.

49.     After Ms. Morris reported the sexual assault, Brighton High School did not provide the same assistance to Ms. Morris when she had difficulty in school.

50.     Other students at Brighton High School bullied and harassed Ms. Morris about Maynor's sexual assault. Students pressured Ms. Morris that "things could go back to the way they were" if she recanted her allegations against Maynor.

51.     Plaintiff and her mother, Ms. Pegram, informed Defendants of the bullying and harassment Plaintiff was being subjected to as a result of being assault by Maynor and Plaintiff subsequently reporting the assault.

52.     Defendants failed to address these issues and failed to protect Ms. Morris.

53.     Then, on or about April 21, 2021, Ms. Renicker told Ms. Morris that she no longer needed to listen to her mother anymore because she was 18 years-old.

54.     Ms. Renicker pressured Ms. Morris to recant her story about Maynor sexually assaulting her.

55.     Due to the pressure from Ms. Renicker, Ms. Morris recanted the allegation against Maynor.

56.     Quickly, Brighton called a police investigator to the school to have Morris, a disabled young girl, undergo a second interrogation regarding the rape. The school purposefully excluded Morris' mother, Ms. Pegram.

57.     As a result of this sexual assault and retaliation, Ms. Morris has suffered and continues to suffer severe emotional damage.

58.     Further, Defendants' actions and omissions resulted in harm to Ms. Morris, including physical and emotional harm, and other damages that my be discovered throughout the course of litigation.

## CAUSES OF ACTION

### Count I
**42 U.S.C. Section 1983 – Violation of the Fourteenth Amendment
(As to Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine)**

59.     The preceding paragraphs are incorporated by reference.

60.     The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to public school officials and supervisors, including Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine.

61.     Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine, having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

62.     Plaintiff suffered severe emotional injury as a result of these Fourteenth Amendment violations.

63.     Defendants' acts and/or omissions proximately caused these injuries

## COUNT II
## 42 U.S.C. Section 1983—Violation of Right to Equal Protection
## (As to Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine)

64.     The preceding paragraphs are incorporated by reference.

65.     Defendants' conduct toward Plaintiff, including failing to protect her from sexual assault and abuse, and failing to protect her from incessant harassment lacked any pedagogical purpose.

66.     Non-disabled students were not treated in the same manner.

67.     Defendants' actions and/or omissions denied Plaintiff equal protection under the law.

68.     Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine having knowledge that Plaintiff was a young and vulnerable student with a substantial risk of serious harm, omitted to perform what they were legally required to do as school supervisors and abandoned the duties of their positions, acting with deliberate indifference to Plaintiff's Constitutional rights.

69.     Plaintiff suffered severe emotional injury as a result of these Fourteenth Amendment violations.

70.     Defendants' acts and/or omissions proximately caused these injuries.

## *Monell* Claim
## (As to Defendant Brighton Area School District)

71.     The preceding paragraphs are incorporated by reference.

72.     Plaintiff has been subjected to a deprivation of clearly established, constitutionally protected rights and privileges secured by the Constitution of the United States.

73.     The foregoing rights were clearly established at the time of the violations.

74.     The deprivations were caused by customs, policies, and established practices of the Brighton Area School District, acting under color of its statutory and legal authority.

75.     Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine were state actors acting under the color of law.

76.     Defendant Brighton Area School District's deliberate indifference to Plaintiff subjected her to violations of her Fourteenth Amendment and Equal Protection rights including by failing to adequately train and supervise Defendants Outlaw, Johnson, Renicker, Sprys-Tellner, Vecchioni, and Levine, failing to adequately protect Plaintiff, implicitly condoning the behavior of students harassing and bullying Plaintiff, manifesting deliberate indifference to the ongoing harassment, bullying and emotional needs of Plaintiff, and other policies, customs, and practices to be discovered through the course of litigation.

77.     Defendant Brighton Area Public School District had actual or constructive notice of the dangers to Plaintiff and consciously disregarded these

dangers.

78.     The foregoing violations of 42 U.S.C. § 1983 caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

79.     Defendants' acts and/or omissions proximately caused these injuries.

## Count IV
### Violations of the Americans with Disabilities Act (ADA)
### (As to All Defendants)

80.     The preceding paragraphs are incorporated by reference.

81.     At all times relevant herein, Plaintiff was and is an individual with a disability within the meaning of the the ADA, 42 U.S.C. § 12101, et seq.

82.     Defendant Brighton Area School District is a public accommodation covered by and within the meaning of Title II of the ADA.

83.     Defendants were aware of Plaintiff's disabilities, as she received special education services as a result.

84.     Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Brighton Area School District's failure to protect Plaintiff from sexual assault and abuse, and further their failure to protect her from bullying and harassment on the basis of her disability.

85.     Non-disabled students were not treated in the same manner.

86.     Defendants' acts and omissions resulted in a denial of public accommodations to which Plaintiff is entitled pursuant to the ADA.

87.     Defendants acts and omissions resulted in unlawful discrimination on the basis of a disability pursuant to the ADA.

88.     Defendants' acts and omissions resulted in unlawful harassment on the basis of a disability pursuant to the ADA.

89.     The for.egoing violations of the ADA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

90.     Defendants' acts and/or omissions proximately caused these injuries.

## **Count V**
**Violation of Title IX**
**(As to Defendant Brighton Area School District)**

91.     The preceding paragraphs are incorporated by reference.

92.     Title IX provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance… 20 U.S.C. § 1681.

93.     Title IX supports a claim for student-on-student sexual harassment when the plaintiff can show (1) that the sexual harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the

educational opportunities or benefits provided by the school, (2) that the funding recipient had actual knowledge of the sexual harassment, and (3) that the funding recipient was deliberately indifferent to the harassment. *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999).

94.     Being raped and sexually abused and harassed qualified as being severe, pervasive, and objectively offensive that it deprived Plaintiff access to the educational opportunities provided by her school.

95.     Brighton Public School had actual knowledge of the sexual harassment. Prior to Maynor assaulting Morris, Brighton High School employees caught Maynor in the act of sexually assaulting another disabled student in the same bathroom he assaulted Morris. Maynor sexually assaulted so many girls in that bathroom everyone knew it as Troy's bathroom.

96.     Yet, Brighton Public School was deliberately indifferent to the harassment. The school failed to take immediate, effective remedial measures to resolve the complaints of sexual assault and harassment and instead acted with deliberate indifference toward Plaintiff, leading to bullying and harassment from Plaintiff's peers.

97.     Defendant School District persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

98.     Once Plaintiff and her guardians notified Defendant Brighton Area School District that Plaintiff was being bullied by other students as a result of the assault and her disability, teachers and other School District officials retaliated against Plaintiff.

99.     The foregoing violations of Title IX caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

100.    Defendants' acts and/or omissions proximately caused these injuries.

## Count VI
### Violation of §504 of the Rehabilitation Act of 1973
### (As to All Defendants)

101.    The preceding paragraphs are incorporated by reference.

102.    Discrimination on the basis of disability is prohibited by §504 of the Rehabilitation Act, 29 U.S.C. §794(a), which provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

103.    "States waive their Eleventh Amendment immunity with regard to Rehabilitation Act claims when they accept federal funds, and therefore, a Plaintiff may sue a state under §504 of the Rehabilitation Act." *Dillon-Barber v. Regents of*

*the Univ. of Mich.*, No. 250596, 2005 Mich. App. LEXIS 1400, at *13 (Ct. App. June 7, 2005). (Citing *Nihiser v. Ohio EPA*, 269 F.3d 626 (6th Cir. 2001)).

104.   Defendant Brighton Area School District receives federal financial assistance and as such are subject to §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the federal regulations promulgated thereunder.

105.   Plaintiff is an individual with a disability under the Rehabilitation Act.

106.   The conduct previously alleged violates §504 of the Rehabilitation Act.

107.   The foregoing violations of the Rehabilitation Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

108.   Defendant's acts and/or omissions proximately caused these injuries.

**Count VII**
**Violation of Elliott Larsen Civil Rights Act—Creating and Failing to Prevent a Sexually Hostile Education Environment**
**(As to All Defendants)**

109.   The preceding paragraphs are incorporated by reference.

110.   Defendant Brighton Area School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

111.   Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

112.    Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

113.    By subjecting Plaintiff to sexual assault and harassment, and additionally to harassment and bullying by other students, Defendants' acts and omissions have created a sexually hostile environment, and created abusive and intimidating conditions, depriving Plaintiff of a safe educational environment.

114.    The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

115.    Defendants' acts and/or omissions proximately caused these injuries.

**Count VIII**
**Violation of Elliott Larsen Civil Rights Act—Retaliation**
**(As to All Defendants)**

116.    The preceding paragraphs are incorporated by reference.

117.    Defendant Brighton Area School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

118.    Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual advances, assaults and other conduct of sexual nature.

119.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

120.   Once Plaintiff and her guardians notified Defendant Brighton Area School District that Plaintiff was being bullied, the School District officials retaliated against Plaintiff.

121.   The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

122.   Defendants' acts and/or omissions proximately caused these injuries.

## Count IX
## Violation of Elliott Larsen Civil Rights Act—Sex Discrimination
### (As to All Defendants)

123.   The preceding paragraphs are incorporated by reference.

124.   Defendant Brighton Area School District is a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

125.   Defendants' acts and omissions constitute sexual assault and harassment and violate Plaintiff's rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiff to unwelcome sexual assaults and other conduct of sexual nature.

126.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

127.   Plaintiff's sex was at least one factor in her treatment by Defendants.

128.   Plaintiff was discriminated against on the basis of her sex by the way in which Defendant Brighton Area School District responded to the assault and failed to address the harassment and bullying Plaintiff experienced as a result thereafter.

129.   The foregoing violations of the ELCRA caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

130.   Defendants' acts and/or omissions proximately caused these injuries.

## Count X
**Violation of the Persons with Disabilities Civil Rights Act—Harassment
(As to All Defendants)**

131.   The preceding paragraphs are incorporated by reference.

132.   Plaintiff has severe disabilities, covered by the Act, is perceived as having disibilities, and/or had a record of having disabilities.

133.   Defendants were aware of Plaintiff's disabilities, as she received special education services as a result.

134.   Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant Brighton Area School District's failure to protect Plaintiff from sexual assault and abuse, and further their failure to protect her from bullying and harassment on the basis of her disability.

135.   Non-disabled students were not treated in the same manner.

136.   Defendants' acts and omissions resulted in a denial of public accommodations to which Plaintiff is entitled pursuant to the Persons with Disabilities Civil Rights Act.

137.   Defendants' acts and omissions resulted in unlawful discrimination on the basis of a disability pursuant to the Persons with Disabilities Civil Rights Act.

138.   Defendants' acts and omissions resulted in unlawful harassment on the basis of a disability pursuant to the Persons with Disabilities Civil Rights Act.

139.   The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

140.   Defendants' acts and/or omissions proximately caused these injuries.

## Count XI
### Violation of the Persons with Disabilities Civil Rights Act—Retaliation
### (As to All Defendants)

141.   The preceding paragraphs are incorporated by reference.

142.   Plaintiff has severe disabilities, covered by the Act, is perceived as having disabilities, and/or had a record of having disabilities.

143.   Defendants were aware of Plaintiff's disabilities, as she received special education services as a result.

144.   Plaintiff's disability, and/or record of a disability, and/or perceived

disability was a factor that made a difference in Troy Maynor's decision to sexually assault Plaintiff.

145. Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

146. Once Plaintiff and her guardians notified Defendant Brighton Area School District that Plaintiff was being bullied by other students as a result of the sexual assault and her disability, the School District retaliated against Plaintiff.

147. The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

148. Defendants' acts and/or omissions proximately caused these injuries

## Count XII
### Violation of the Persons with Disabilities Civil Rights Act—Discrimination
### (As to All Defendants)

149. The preceding paragraphs are incorporated by reference.

150. Plaintiff has severe disabilities, covered by the Act, is perceived as having disabilities, and/or had a record of having disabilities.

151. Defendants were aware of Plaintiff's disabilities, as she received special education services as a result.

152. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Troy Maynor's decision to sexually assault and abuse Plaintiff.

153.   Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

154.   Plaintiff's disabilities were at least one factor in her treatment by Defendants.

155.   Plaintiff was discriminated against on the basis of her disabilities in the way in which Defendant Brighton Area School District responded to the assault and failed to address the harassment and bullying Plaintiff experienced as a result thereafter.

156.   The foregoing violations of the Persons with Disabilities Civil Rights Act caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages and emotional distress.

157.   Defendant's acts and/or omissions proximately caused these injuries.

## **DAMAGES**

158.   The preceding paragraphs are incorporated by reference.

159.   The acts and omissions of Defendants constituted a violation of Plaintiff's constitutional, statutory, and common law rights were and are a proximate cause of Plaintiff's damages.

160.   As a result of Defendants' acts and omissions, Plaintiff has suffered emotional and physical injuries all of which are ongoing, and resulting in damages including, but not limited to:

    a.  Emotional distress;

    b.  Loss of personal freedom and liberty;

    c.  Pain and suffering;

    d.  Exemplary damages;

    e.  An award of punitive damages;

    f.  Reasonable attorney fees and costs;

    g.  All other such relief which appears reasonable and just under the circumstances.

WHEREFORE Plaintiff, prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendants in whatever amount Plaintiff is found to be entitled, together with interests, costs, and attorney fees.

Respectfully submitted,

*/s/ Zachary T. Runyan*
Zachary T. Runyan (P83671)
**RUNYAN LAW GROUP**
31211 Jefferson Ave
Saint Clair Shores, MI 48082
Phone: (248) 341-0794
Email:  zrunyan@runyanlawgroup.com

Dated:  April 29, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Ryan Morris,

     Plaintiff,

                           Case No.

vs.                         Hon.

BRIGHTON AREA SCHOOL DISTRICT,
DR. MATTHEW OUTLAW, in his individual
capacity, GAVIN JOHNSON, in his individual
capacity, JODY RENICKER, in her individual
capacity, JENNIFER SPRYS-TELLNER, in her
individual capacity, HENRY VECCHIONI, in her
individual capacity, MRS. LEVINE, in her individual
capacity, and DOES 1-10

     Defendants.

_____

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorney for Dorothy Greene
31211 Jefferson Ave.
St. Clair Shores, MI 48082
P: (248)-341-0794/F: (586) 588-7200
zrunyan@runyanlawgroup.com

_____

## JURY DEMAND

     Plaintiff, by and through counsel, hereby requests a trial by jury in the

above-captioned matter.

                                   Respectfully submitted,

                                   */s/ Zachary T. Runyan*
                                   Zachary T. Runyan (P83671)
                                   **RUNYAN LAW GROUP**

31211 Jefferson Ave
Saint Clair Shores, MI 48082
Phone: (248) 341-0794
Email:  zrunyan@runyanlawgroup.com

Dated:  April 29, 2022